IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KENNETH GLENN WEBB, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-123 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Petitioner KENNETH GLENN WEBB has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 181st Judicial District Court of Randall County, Texas, for the offense of burglary of a habitation. For the reasons hereinafter expressed, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

On December 28, 2006, after a house alarm was set off, a security company alerted police to a possible break in. (Reporter's Record [hereinafter RR], vol. 3, pg. 15). The homeowners were out of town, and they had set their house alarm to go off when any door or window of the house was opened. (*Id.*, pg. 91). The first police officer to arrive at the house went to the back driveway, where he encountered petitioner Webb walking out the gate of the fenced backyard. (*Id.*, pg. 22).

Webb tried to run away from the officer, but the officer overtook him. (*Id.*, pgs. 23-25). While the two were scuffling, Webb punched the officer in the leg and groin area. (*Id.*). The officer was momentarily incapacitated, and Webb ran away again, this time to a pickup truck parked behind the fence of the residence. (*Id.*, pg. 28). The officer caught up to Webb, who by that time was in the driver's seat of the truck. (*Id.*, pg. 28). The officer reached in through the truck's driver's side window and grabbed the keys from the ignition. (*Id.*, pgs. 28-29, 130). Another struggle ensued. (*Id.*, pgs. 28-29). Upon the arrival of a second police officer, Webb was apprehended. (*Id.*, pg. 30).

After Webb was secured, the police examined the back door of the house and discovered pry marks on it. (*Id.*, pg. 35). They found a pry bar on the front seat of Webb's truck. (*Id.*, pgs. 44, 74). Upon returning to the house, the homeowners discovered someone had rifled through their computer hutch; a check addressed to one of the homeowners, several of the homeowners' personal checks, and a debit card were missing. (*Id.*, pgs. 101-02). Nothing ever happened with any of the checks, but there were several charges made to the debit card. (*Id.*, pg. 105). It is undisputed the first three charges made to the debit card were made while petitioner was incarcerated. (*Id.*, pg. 109).

After a bench trial, petitioner was found guilty of burglary of a habitation and assault on a public servant. (*Id.*, pg. 146). With enhancements, he was sentenced to seventy-five years on each conviction, sentences to run concurrently. (*Id.*, pgs. 165-66). The judgment was affirmed on direct appeal, and the petition for discretionary review was denied. *See Webb v. State*, Nos. 07-07-0358-CR, 07-07-0359-CR, 2008 WL 2229536 (Tex. App.—Amarillo Sept. 10, 2008, pet. ref'd). Petitioner's state habeas corpus application challenging the burglary conviction was denied without written order. *See In re Webb*, WR 63-254-02. Petitioner then filed two federal habeas corpus petitions, one challenging the burglary conviction and one challenging the assault conviction. *See*

*Webb v. Thaler*, 2:10-CV-123, -283.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner appears to contend respondent is holding him in violation of the Constitution and laws of the United States as a result of the burglary conviction for the following reasons:

1.     Petitioner is actually innocent.

2.     The evidence is legally insufficient to support the conviction.

3.     Petitioner received ineffective assistance of counsel due to his trial attorney's failure to request an instruction on a lesser included offense.

4.     The prosecutor presented false evidence to the grand jury.

5.     Petitioner received ineffective assistance of counsel when his trial attorney promised petitioner he would receive probation if he proceeded to trial.

6.     The prosecutor made improper statements in her opening remarks.

7.     Petitioner received ineffective assistance of counsel when his trial attorney failed to object to an affidavit offered to the grand jury.

## III.
## STANDARD OF REVIEW

Petitioner may not obtain habeas corpus relief in this Court with respect to any claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim resulted in a decision contrary to clearly established federal constitutional law or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). All factual determinations made by a state court are presumed to be correct; petitioner can rebut such presumption only by clear and convincing evidence. *Id.* § 2254(e). When the Texas Court of Criminal Appeals denies relief in a state habeas corpus

application without written order, it is an adjudication on the merits, and is therefore entitled to the presumption of correctness. *Harrington v. Richter*, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011).

Here, the state court heard and adjudicated, on the merits, the claims petitioner presents in his federal habeas corpus petition. More specifically, the Texas Court of Criminals Appeals denied petitioner's petition for discretionary review and denied his application for state habeas relief without a written order. *In re Webb*, WR-63,254-02. Petitioner's burden before this Court is significantly heightened in that petitioner cannot prevail even if he shows the state court's determination was incorrect. Petitioner must also show the state court unreasonably applied federal law or made an unreasonable determination of the facts. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied, Neal v. Epps*, 537 U.S. 1104, 123 S.Ct. 963, 154 L.Ed.2d 772 (2003).

Petitioner has failed to meet this burden. Rather than explaining why the state court's determination was unreasonable, petitioner merely restates the grounds he presented to the state court.[1] He has not established the state court unreasonably applied federal law or made an unreasonable determination of the facts. *See id.* As detailed below, had petitioner correctly claimed unreasonableness by the state court, there is nothing in the record or petitioner's arguments to support such a contention. A review of petitioner's claims confirms this petition should be denied.

IV.

<u>MERITS OF PETITIONER'S ALLEGATIONS</u>

*A. Actual Innocence*

In his first ground of error, petitioner contends he is actually innocent. He urges his case presents both a *Herrera*-type and a *Schulp*-type claim. ("Memorandum of Law and Fact in Support

---

[1] In his second ground of error, addressed *infra*, petitioner argues the evidence was insufficient to support the guilty determination and the state court therefore made an unreasonable determination of the facts.

of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," attached to Habeas Corpus Petition, beginning at pg. 11, doc. 1, filed May 29, 2009 [hereinafter Memo], pg. 12).

In a *Herrera*-type claim, a petitioner claims newly discovered evidence supports his claim of actual innocence and, even if the state proceedings were entirely fair and error free, argues the punishment of a potentially innocent person is a constitutional violation a federal habeas court should not permit. *See Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). In *Herrera*, however, the Supreme Court held "a claim of 'actual innocence' is not itself a constitutional claim, but [is] instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id.* at 404, 113 S.Ct. at 862. Thus, a petitioner cannot successfully assert a free-standing actual innocence claim in a habeas petition. *See id.* Petitioner also contends he is entitled to relief under *Schlup*. *See Schlup v. Delo*, 513 U.S. 298, 314, 115 S.Ct. 851, 860, 130 L.Ed.2d 808 (1995). In *Schlup*, the Supreme Court determined the standard a petitioner must meet to establish actual innocence. If he meets that standard, the federal habeas corpus court can consider other procedurally barred claims, but still may not grant relief upon actual innocence alone.

Even if petitioner Webb obtained and presented evidence proving he is actually innocent, he cannot base a successful habeas corpus claim on such evidence alone. *See Herrera*, 506 U.S. at 404, 113 S.Ct. at 862. Webb likewise does not present a viable *Schlup* claim because he has not identified any procedurally barred claim(s) he is attempting to have the Court consider. *See Schlup*, 513 U.S. at 327, 115 S.Ct. at 851. Petitioner's actual innocence claims must fail.

### B.  Sufficiency of the Evidence

In his second ground of error, petitioner complains of the sufficiency of the evidence. For

purposes of federal habeas corpus review, a state conviction need only satisfy the legal sufficiency standard set out in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). To determine the legal sufficiency of the evidence, a federal court must consider whether, viewing all the evidence "in the light most favorable to the prosecution, any rational trier of fact could have found the existence of facts necessary to establish the essential elements of the offense beyond a reasonable doubt." *Id.* at 318-19, 99 S.Ct. at 2789.

In making this determination, the reviewing court must resolve all credibility choices and conflicting inferences in favor of the fact-finder. *United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999), *cert. denied*, 531 U.S. 822, 121 S.Ct. 65, 148 L.Ed.2d 31 (2000). It is the fact-finder's responsibility alone "to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. The reviewing court must determine if the evidence is constitutionally sufficient to support the conviction, i.e., whether the evidence satisfied the "substantive elements of the criminal offense as defined by state law." *Brown v. Collins*, 937 F.2d 175, 181 (5th Cir. 1991). Direct evidence of the elements of the offense is not required under Texas law. *See Hooper v. State*, 214 S.W.3d 9, 14 (Tex. Crim. App. 2007). The fact-finder is permitted to consider circumstantial evidence to be as probative as direct evidence in establishing guilt. *Id.* at 14-15. Circumstantial evidence alone can be sufficient to establish guilt. *Id.* at 15.

In this case, testimony at trial established a police officer saw petitioner leaving the backyard of a residence that was later discovered to have been burglarized. (RR, vol. 3, pgs. 23, 101-02). The house's alarm was triggered at 12:22 a.m. (*Id.*, pg. 91). The officer encountered petitioner leaving the fenced backyard of the residence at approximately 12:40 a.m. (*Id.*, pg. 17). Petitioner attempted

to run away from the police officer three times. (*Id.*, pg. 25). Moreover, there were pry marks on the back door of the house. (*Id.*, pg. 35). The homeowner testified he locked both the knob lock and the deadbolt on the back door before leaving. (*Id.*, pgs. 98-99). When he and his wife returned, he discovered that while the knob lock was still engaged, the deadbolt was disengaged. (*Id.*, pg. 99). A police officer testified at trial it is possible to discover the knob locked and the previously locked deadbolt unlocked as a result of a forced entry. (*Id.*, pgs. 37-38). Police discovered a tire iron, which they also referred to as a pry bar, on the front seat of petitioner's pickup truck. (*Id.*, pgs. 44, 74). The tip of the tire tool discovered in petitioner's truck had been modified. (*Id.*, pg. 76). A police officer testified such modifications are typically done by criminals seeking to make the tire tool more useful in prying opening doors. (*Id.*, pg. 77). The officer also testified the marks on the door were consistent with the tire tool discovered on the front seat of petitioner's truck. (*Id.*, pgs. 77-78).

Petitioner testified that on the night of the burglary he was driving to his residence in a neighboring town when he noticed his truck was about to run out of gas. (*Id.*, pg. 115). He decided to steal gas from a residence for his truck. (*Id.*). Webb's defense was that he was in the backyard of the house, which coincidently had been broken into by unknown person(s) just moments before petitioner entered the backyard, looking for gas to steal. (*Id.*, pgs. 115, 123). He ran away from the first officer because he thought the officer was a neighbor. (*Id.*, pg. 119). He testified he never used the stolen debit card. (*Id.*, pg. 127).

Under Texas law, a person commits burglary if, without the consent of the owner, he "enters a habitation . . . with intent to commit a felony, theft, or an assault." Tex. Pen. Code Ann.§ 30.02 (Vernon 2011). There was evidence presented in this case that petitioner entered a habitation

without the homeowner's consent.  (RR, vol. 3, pg. 95).  The evidence petitioner burglarized the house admittedly was circumstantial.  On federal habeas corpus review, however, this Court is not permitted to question the fact-finder's reliance on circumstantial evidence.  *See Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789.  Moreover, the intent element of the offense can be presumed from the circumstances of the case.  *See United States v. Bailey*, 111 F.3d 1229, 1235 (5th Cir. 1997) (noting "[a] non-consensual nighttime entry raises a presumption of intent to commit theft); *Mauldin v. State*, 628 S.W.2d 793, 795 (Tex. Crim. App. 1982) (holding "an entry made without consent in the nighttime is presumed to have been made with intent to commit theft").  Resolving all conflicting inferences in favor of the fact-finder, as this Court must do, *see Cyprian*, 197 F.3d at 740, evidence at trial supports the determination petitioner entered the residence without the owner's consent and committed or attempted to commit theft of items in the residence.  *See* Tex. Pen. Code Ann. § 30.02(a).  The evidence was legally sufficient.  *See Jackson*, 443 U.S. at 318-19, 99 S.Ct. at 2789.

Petitioner, like his attorney at trial, points out several weakness in the case.  When the police officer first encountered petitioner, petitioner was not carrying any kind of tool that could be used to pry open a door.  (RR, vol. 3, pg. 24).  When the police searched petitioner, they did not discover any of the stolen items on him.  (*Id.*, pg. 54).  They did not discover any of the stolen items in his vehicle when they later searched it.  (*Id.*, pg. 86).  The house was never fingerprinted, so there was no fingerprint evidence putting petitioner in the house.  The first three times the stolen debit card was used was during the time petitioner was in jail.  (*Id.*, pg. 109).  There was, at the time of trial, a black residue on the tire tool found in petitioner's truck.  (RR, vol. 3, pg. 76).  Neither of the police officers who were at the scene the night of the burglary testified whether there were black marks on the door.  The homeowner, however, testified there were such marks left on the back door.  (*Id.*, pg.

108).  Petitioner attaches to his petition pictures he contends prove there were no black marks on the

door.  (Memo, Exhibits 2-3, pgs. 39-40).[2]

Acknowledging there may have been weaknesses in the underlying criminal case, such

weaknesses have little impact on this Court's analysis for habeas purposes.  It was the fact-finder's

responsibility to weigh all the evidence and make a determination based on that evidence.  *See*

*Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789.  On habeas corpus review, this Court does not conduct

the same analysis as the trial court.  *See id*.  Rather, the Court must evaluate the evidence and

construe it in favor of the guilty determination.  *See id.*  Weighing the evidence establishing guilt

and that establishing innocence is not within the Court's purview.  *See id.*  Looking beyond the

weaknesses of the underlying criminal case and contradictions in the evidence, as this Court must

do, there was evidence establishing petitioner committed all the elements of burglary of a habitation.

*See* Tex. Pen. Code Ann. § 30.02; *Brown*, 937 F.2d at 181.  Petitioner's second ground of error is

without merit.[3]

## C.  Ineffective Assistance of Counsel

In his third, fifth, and seventh grounds of error, petitioner complains he received ineffective

---

[2]  Petitioner also bases his argument on incorrect statements.  He contends "[b]oth police officers testified that the back door to the residence was inspected and the door was not damaged."  (Memo, pg. 15); ("Petitioners' [sic] Response to Respondents' [sic] Original Answer with Brief in Support," doc. 11, filed July 30, 2009, [hereinafter Response], pg. 2).  The officers testified there were, in fact, several deep pry marks next to the door's locking mechanism both on the door and on the door frame.  (RR, vol. 3, pgs. 35, 69).  Petitioner states the pry marks "were not the same size as petitioner's tire-iron [sic] found in the back seat, not the front seat."  (Memo, pg. 15); (Response, pg. 2).  One of the officers testified the pry marks on the door were consistent with the specially modified tire iron discovered in petitioner's truck.  (RR, vol. 3, pg. 77).  Additionally, the officer testified the tire iron was found on the passenger-side front seat of the truck.  (*Id.*, pgs. 44, 74, 78).

[3]  In his second ground of error, petitioner additionally complains of errors committed by the State in its reply to his state habeas corpus application.  These complaints are not cognizable in Webb's federal habeas corpus petition and should therefore be denied.  *See Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004) (holding "infirmities in state habeas proceedings do not constitute grounds for federal habeas relief.").  *But cf Martinez v. Ryan*, No. 10-1001, slip op. at 6, 2012 WL 912950, at *5 (March 20, 2012) (holding a federal court may consider infirmities in state habeas proceedings related to ineffective assistance of counsel during those proceedings).

assistance of counsel in violation of his Sixth Amendment rights.  The proper standard for judging a petitioner's contention he is entitled to relief on the ground his trial counsel rendered ineffective assistance is enunciated in *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).  Under the two-pronged *Strickland* standard, a petitioner must show defense counsel's performance was both deficient and prejudicial.  *Id.* at 687, 104 S.Ct. at 2064.  An attorney's performance was deficient if the attorney made errors so serious he or she was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution.  *Id.*, 104 S.Ct. at 2064.  That is, counsel's performance must have fallen below the standards of reasonably competent representation as determined by the norms of the profession.  A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption counsel's performance falls within the wide range of reasonable professional assistance.  *Id.* at 689, 104 S.Ct. at 2065.

Additionally, a petitioner must show counsel's deficient performance prejudiced the defense. To establish this prong, a petitioner must show counsel's errors were so serious as to deprive petitioner of a fair trial.  *Id.* at 687, 104 S.Ct. at 2064.  Specifically, to prove prejudice a petitioner must show "(1) there is a reasonable probability that, but for counsel's unprofessional errors, the ultimate result of the proceeding would have been different . . . and (2) counsel's deficient performance rendered the trial fundamentally unfair."  *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998).  "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him."  *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993).  A showing of significant prejudice is required.  *Spriggs v. Collins*, 993 F.2d 85, 88 n. 4 (5th Cir.1993).

1.  Lesser Included Offense

In his third ground of error, petitioner complains he received ineffective assistance of counsel because his trial attorney failed, in a written motion, to request an instruction of criminal trespass, a lesser included offense of burglary of a habitation.  Under Texas law, in a bench trial "the trial court is authorized to find the [defendant] guilty of any lesser offense for which the State provides the required proof."  *Shute v. State*, 877 S.W.2d 314, 314 (Tex. Crim. App. 1994).  A formal submission of a lesser included offense charge to the trial judge during a bench trial is not necessary. *Id.*  Because the judge is also the fact-finder in a bench trial, the judge is able to find the defendant guilty of any lesser included offense without a formal charge.  *Id.*

> [T]here are no jury instructions in a bench trial.  In a bench trial, the "judgment that the trial court should have rendered" can always be a conviction for a lesser-included offense because the trial court is authorized to find the defendant guilty of any lesser offense for which the State provides the required proof.

*Collier v. State*, 999 S.W.2d 779, 784 (Tex. Crim. App. 1999) (Keasler, J., concurring) (citing *Shute*, 877 S.W.2d at 315).  Additionally, under Texas law, a defendant need not have a formal motion for an instruction on the lesser included offense to appeal the judgment following a bench trial.  *See Milczanowski v. State*, 645 S.W.2d 445, 447 (Tex. Crim. App. 1983).  If an appellate court determines the trial court in a bench trial should have found the defendant guilty of a lesser included offense, then the appellate court will reverse the conviction and render a judgment of conviction on the lesser included offense, regardless of whether the defendant requested the instruction in writing. *See Herring v. State*, 202 S.W.3d 764, 764 (Tex. Crim. App. 2006).

Petitioner's attorney did not, in writing, request an instruction on any lesser included offense. The attorney did urge, however, during closing arguments, that "[defendant's] guilty of criminal trespass, he's admitted that, and that's what we think the Court should assess regarding the

burglary." (RR, vol. 3, pg. 144).  As detailed above, however, petitioner's attorney was not required to formally submit, via written motion, a request for a jury instruction on a lesser included offense charge since his trial was without a jury.  *See Shute*, 877 S.W.2d at 314.  The trial judge was automatically authorized to find petitioner guilty of any lesser included offense and did not need a formal motion to do so.  *See id.*; *Collier*, 999 S.W.2d at 784.  Petitioner's trial attorney was not deficient for failing to file an unnecessary motion.[4]  *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).

Moreover, petitioner has failed to demonstrate prejudice.  Petitioner contends had his attorney formally requested the jury instruction on a lesser included offense, he could have appealed the trial court's determination that he was guilty of something more than the lesser included offense. (Memo, pg. 20); (Response, pg. 3).  As set forth above, if the appellate court determined petitioner was guilty only of the lesser included offense of criminal trespass, that court could have reversed the conviction and reformed the judgment.  *See Herring*, 202 S.W.3d at 764.  Petitioner did not need a formal motion to appeal on such grounds.  *See id.*  This ground of error is without merit.

## 2.  Promise of Probation

In his fifth ground of error, petitioner avers he received ineffective assistance of counsel because his trial attorney incorrectly advised him he was eligible for probation when he was not. Petitioner contends he "would never have gone to a bench trial knowing that probation was not a

---

[4]  Defendant references the two-step test established in Texas law for when a defendant is entitled to a jury charge on a lesser included offense.  *See Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993); *Royster v. State*, 622 S.W.2d 442, 444 (Tex. Crim. App. 1981).  *Royster* and its progeny, however, are applicable to jury charges at jury trials; petitioner has presented nothing indicating *Royster* is applicable to bench trials.  *See Royster*, 622 S.W.2d at 446-47 (establishing the two-step analysis for application in jury trials).  While research by the Court yielded nothing directly on point, it appears *Royster* is not applicable to bench trials.  *See Herring*, 202 S.W.3d at 764.

factor." (Memo, pg. 27).

Petitioner was convicted for violating section 30.02 of the Texas Penal Code, which prohibits burglary of a habitation. (Clerk's Record, vol. 1, No. 18618-B [hereinafter CR], pg. 18). Petitioner's offense was classified as a second-degree felony. (*Id.*); *see* Tex. Pen. Code Ann. § 30.02(c)(2). Second-degree felonies are punishable by two to twenty years' confinement. *Id.* at § 12.33(a) (Vernon 2011). A defendant convicted of a second-degree felony may receive judge-ordered community supervision. Tex. Code Crim. Proc. Ann. art. 42.12 § 3 (Vernon 2006).

This computation is greatly impacted, however, if the defendant has other convictions on his record. If, as in petitioner's case, the defendant has two prior felony convictions on his record, then he becomes classified as a repeat felony offender. In such a case, the defendant faces a term of imprisonment between twenty-five and ninety-nine years. Tex. Pen. Code Ann. § 12.42(d) (Vernon 2011). A defendant whose sentence exceeds ten years is not eligible for community supervision. Tex. Code Crim. Proc. Ann. art. 42.12 § 3(e)(1). Therefore, a defendant classified as a repeat felony offender is automatically ineligible for community supervision.

Petitioner's trial attorney filed "Defendant's Application for Community Supervision" approximately three months before the bench trial. (CR, pg. 9). Had the trial court found petitioner guilty only of the second-degree felony of burglary of a habitation, without any prior felony convictions, he would have been eligible for release on community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.12 § 3. During the sentencing phase of the bench trial, however, petitioner pled guilty to both enhancement paragraphs of the indictment. (RR, vol. 3, pg. 147). This classified petitioner as a repeat offender, who was eligible for a sentence of twenty-five years' confinement, at a minimum. Tex. Pen. Code Ann. § 12.42(d). As a result, he was ineligible for community

supervision.  *See* Tex. Code Crim. Proc. Ann. art. 42.12 § 3(e)(1).

In response to petitioner's state habeas corpus application, his trial attorney filed an affidavit.

In that affidavit, the trial attorney stated:

> I never told Mr. Webb that he was likely to receive probation . . . I did file Mr.
> Webb's Defendant's Application for Community Supervision (from the court) on
> 05/30/07 . . . I filed the probation application in the remote possibility that should his
> indictment enhancements not be proven at trial, he would at least be eligible for
> probation if an enhancement failed; however, I was always candid that due to his
> criminal history of several burglaries, the State would never offer probation as a plea
> bargain, nor would he receive probation at any contested trial due to the likelihood
> that the enhancements would be proven.
> . . .
> Once Mr. Webb, prior to trial, agreed to plead true to the enhancements at trial, he
> knew that he was not going to be eligible for or have any possibility of probation.

(State Habeas Corpus Records, *In re Webb*, WR-63,254-02, pg. 57).

First, petitioner has failed to demonstrate deficient performance.  He contends in his petition

his attorney was deficient because he "stated [Webb] was eligible for probation when such could not

have been obtained."  (Memo, pg. 28).  If the trial court had found petitioner guilty of burglary and

found the enhancement paragraphs of the indictment not true, then community supervision was a

possibility for petitioner.  *See* Tex. Code Crim. Proc. Ann. art. 42.12 § 3.  Petitioner's statement he

categorically could not receive probation is incorrect.  Petitioner's contention his trial attorney was

incorrect in advising him he could possibly receive probation does not demonstrate any error, much

less an error sufficient to satisfy the deficient performance standard of *Strickland*.  *See* 466 U.S. at

687, 104 S.Ct. at 2064.

Moreover, petitioner has not demonstrated prejudice.  Petitioner contends had he known

probation was not possible he would have plead guilty and taken a plea bargain.  (Memo, pg. 27).

This statement standing alone is an insufficient basis for a *Strickland* claim.  *See Ross v. Estelle*, 694

F.2d 1008, 1011-12 (5th Cir. 1983) (holding "[m]ere conclusory allegations do not raise a constitutional issue in a habeas proceeding"). Additionally, it is contradicted by his trial attorney, who stated in his affidavit "Mr. Webb's allegation that he would have never gone to a bench trial knowing that probation was not a factor is false . . . At all times during my representation, Mr. Webb maintained that he was innocent and would not accept any plea bargain offer for prison time." (State Habeas Corpus Records, *In re Webb*, WR-63,254-02, pg. 57). Because petitioner is unable to point to any record evidence supporting his contention he would have accepted a plea bargain but for his attorney's advice, he has failed to demonstrate prejudice. *See Ross*, 694 F.2d at 1011-12. This ground of error is without merit.

### 3.   Failure to Object

In his seventh ground of error, petitioner avers his trial attorney should have objected to the affidavit of Sargent Mike Reed, presented to the grand jury. Petitioner avers Sargent Reed signed an affidavit stating a pry bar was located near the back door of the burglarized residence, when, in fact, there was "never any pry bar at the back door." (Memo, pg. 33). Petitioner contends his trial attorney should have objected "to the State offering a false affidavit to the grand jury." (*Id.*).

The Texas Code of Criminal Procedure is clear in that defense counsel is not allowed in the grand jury room while the grand jury is conducting proceedings. Tex. Code Crim. Proc. Ann. art. 20.011(a) (Vernon 2005). "No person other than the attorney representing the State or a grand juror may question a witness before the grand jury." *Id.*, art. 20.04. The attorney representing the defendant may, however, generally address the grand jury with the State attorney's approval. *Id.*

Initially, the Court notes the affidavit petitioner relies upon in making this argument appears to be the Complaint, which is not part of the official record before the Court. There is no indication

whether the Complaint was presented to the grand jury.  Petitioner urges "[t]he affidavit presented to the Grand Jury was in the file and certainly was not a 'secret'!" (Response, pgs. 3-4).  Petitioner fails to point to anything beyond his pure speculation, however, that the grand jury reviewed the Complaint.  *See Ross*, 694 F.2d at 1011-12.  He additionally fails to appreciate the word "near" could broadly be used to accurately indicate the pry bar was found in a truck immediately outside the back fence of the residence.

Assuming the grand jury was presented with the Complaint, and assuming the Complaint contained false information, petitioner remains unable to demonstrate ineffective assistance. Petitioner's trial attorney stated in the affidavit submitted with the State's answer in the state habeas corpus proceedings that he was not allowed in the grand jury proceedings and "had no knowledge of anything submitted to the Grand Jury." (State Habeas Corpus Records, *In re Webb*, WR-63,254-02, pgs. 56-57).  This statement comports with the general rule that defense attorneys are not allowed in grand jury proceedings, and even if they are allowed in such proceedings, they are statutorily forbidden from questioning a witness before the grand jury.  *See* Tex. Code Crim. Proc. Ann. arts. 20.011(a), 20.04.  Petitioner has failed to demonstrate his attorney was deficient for failing to object to the submission of the Complaint because (i) there is nothing indicating the grand jury reviewed the Complaint, (ii) whether the Complaint is false based upon petitioner's argument is debatable, and (iii) petitioner's attorney was not allowed in the proceedings and therefore could not have possibly objected even if the Complaint was submitted for review.[5]  Petitioner has failed to

---

[5]  In his Response to the respondent's Answer, petitioner contends his attorney should have filed a Motion to Quash the Complaint.  He presents no grounds upon which his attorney could have based such a motion, as a Motion to Quash challenges the facial validity of the charging instrument and is not for challenging the truth of the matters asserted in the document.  *See State v. Rosenbaum*, 910 S.W.2d 934, 948 (Tex. Crim. App. 1994) (dissenting op. adopted on reh'g).

demonstrate deficient performance.

Assuming, *arguendo*, petitioner had established deficient performance, he has failed to show prejudice.  Even if the grand jury was misled into believing a pry bar was located next to the back door, the trial judge at petitioner's bench trial heard evidence as to the exact location of the pry bar and still convicted petitioner of burglary.  Any error in the grand jury proceedings was cured by the bench trial on the issue of guilt.  *See United States v. Mechanik*, 475 U.S. 66, 70, 106 S.Ct. 938, 942, 89 L.Ed.2d 50 (1986) (stating a guilty verdict after trial cures error at the grand jury stage). Petitioner has failed to demonstrate either deficiency or prejudice.  This ground of error is without merit.

### D.  Prosecutorial Misconduct

In his fourth and six grounds of error, petitioner complains of prosecutorial misconduct.  The standard for granting habeas relief because of prosecutorial misconduct is "the narrow one of due process, and not the broad exercise of supervisory power."  *Derden v. McNeel*, 978 F.2d 1453, 1460 (5th Cir. 1992).  A prosecutor's statements or actions may violate due process in two ways: (i) the misconduct may directly implicate a specific provision of the Bill of Rights, or (ii) the misconduct, while not directly violating a specific constitutional right, may nevertheless constitute a general denial of due process.  *Rogers v. Lynaugh*, 848 F.2d 606, 608 (5th Cir. 1988).  Petitioner's arguments fall into the latter of these two categories.

Relief will be granted for a general due process violation only where the misconduct resulted in the denial of the defendant's right to a fair trial.  *Id.* at 608-09.  A trial will be deemed fundamentally unfair only if "there is a reasonable probability that the verdict might have been different had the trial been properly conducted."  *Barrientes v. Johnson*, 221 F.3d 741, 753 (5th Cir.

2000).  Thus, the touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor.  *Smith v. Phillips*, 455 U.S. 209, 219, 102 S.Ct. 940, 947, 71 L.Ed.2d 78 (1982).  Prosecutorial misbehavior alone does not constitute a wrong of constitutional dimension and does not require habeas corpus relief.  *Id.* at 220, 102 S.Ct. at 948.

### 1.  Grand Jury Proceedings

In his fourth ground of error, petitioner complains the prosecutor erred by submitting the affidavit in the form of the Complaint, as discussed in section IV.C.3 above, to the grand jury.[6]  As discussed, petitioner assumes without proof the Complaint was presented to the grand jury.  Petitioner cannot base a ground of error in a federal habeas corpus case on mere speculation.  *See Ross*, 694 F.2d at 1011-12.

Moreover, petitioner has not demonstrated any error.  Even if the Complaint was presented to the grand jury, petitioner has not established the prosecutor knowingly misled the grand jury by submitting the Complaint indicating the pry bar was found "near" the back door when it was discovered on the front seat of petitioner's truck parked directly behind the residence's back fence.  Therefore, as an initial matter, petitioner has failed to demonstrate any prosecutorial misconduct.

Even if the Court assumes there was prosecutorial misconduct, petitioner fails to show how such misconduct violated a constitutional right under the strict standards of federal habeas corpus review.  The "misconduct" petitioner complains of occurred at the grand jury level.  The judge at the bench trial heard evidence on the exact location of the pry bar, or tire tool, and found petitioner

---

[6]  In this ground of error, petitioner additionally complains of what he perceives as inconsistencies in the evidence presented at trial, i.e., that there was black residue on the tire iron presented at trial and photographs submitted by petitioner indicate there was no black residue on the door.  Such an argument attacks the sufficiency of the evidence, which was reviewed in section IV.B, above.

guilty based on such evidence.  There is no reasonable probability that the ultimate verdict would have been different had the alleged prosecutorial misconduct during the grand jury proceedings not occurred.  *See Mechanik,* 475 U.S. at 710, 106 S.Ct. at 942; *Barrientes,* 221 F.3d at 753.  This ground of error is without merit.

## 2.  Statements at Trial

In his sixth ground of error, petitioner complains of the statement made by the prosecutor during opening arguments that the first police officer to arrive was wearing a "detective's uniform." Petitioner contends the State made the statement "to give [the officer] a higher status and to mislead the court into believing a uniform was worn as [sic] the capacity of a detective."  (Memo, pg. 31).

In determining prosecutorial misconduct claims based on something a prosecutor said, a reviewing court must (i) assess whether the prosecutor made an improper remark and (ii) ask whether the defendant was prejudiced.  *United States v. Davis,* 609 F.3d 663, 677 (5th Cir. 2010). In evaluating whether the defendant was prejudiced, the reviewing court looks to three factors:  (a) the magnitude of the prejudicial effect of the remarks; (b) the efficacy of any cautionary instruction given by the judge; and (c) the strength of the evidence supporting the conviction.  *Id.*; *Styron v. Johnson,* 262 F.3d 438, 449 (5th Cir. 2001).

During opening arguments, the prosecutor stated the officer was "wearing a uniform that he has on today, a detective uniform."  (RR, vol. 3, pg. 10).  At trial, the officer testified he was not in full uniform, but was instead wearing slacks and a polo shirt with the Amarillo Police Department emblem, measuring approximately two inches, displayed on the front.  (*Id.*, pg. 48).  The Court has not found any testimony establishing whether the officer's uniform was considered a "detective uniform."

Petitioner has failed to show the prosecutor made an improper remark. *See Davis*, 609 F.3d at 677. Petitioner complains of the prosecutor's description of the officer's uniform as a "detective uniform." He fails, however, to show how such a description is false. Even if it is assumed the description was incorrect, petitioner has failed to show the prosecutor made the statement knowing it was false. *See Little v. Butler*, 848 F.2d 73, 76 (5th Cir. 1988) (denying habeas petition because there was no proof of prosecutor's knowledge of falsity of testimony).

Moreover, petitioner has failed to demonstrate prejudice. The passing remark was made once during opening arguments. There was ample testimony regarding the officer's uniform and his position in the police department. (RR, vol. 3, pgs. 13-15). In the context of the full trial, the remark had little to no prejudicial effect. There was no objection to the remark, and there was no jury, so there was no cautionary instruction.[7] As reviewed above, there was evidence supporting the conviction. Assuming there was prosecutorial misconduct, petitioner has failed to show any harm sufficient to meet federal habeas corpus requirements. *See Davis*, 609 F.3d at 677. This ground of error is without merit.

V.
RECOMMENDATION

Petitioner has failed to present any meritorious claim warranting federal habeas corpus relief. Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed

---

[7] Under Texas law, if the prosecution makes improper statements, then the offended party must object when the improper comment is made. *See Dow Chemical Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). If the offended party does not object, the complaint is not preserved for review on direct appeal. *Id.* Consequently, if the offended party did not object to improper prosecutorial arguments at trial, then any federal habeas corpus claim based upon the allegedly improper arguments is procedurally defaulted under the Texas contemporaneous objection rule. *See, e.g., Barrientes*, 221 F.3d at 779.

by petitioner KENNETH GLEN WEBB  be DENIED.

VI.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 29th day of March, 2012.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).